Hitchcock, J.
This case was before this court at its last term, and the points then in controversy decided. 9 Ohio, 154. It is now again presented with a new objection to the sale.
This land was sold under the act of January 30, 1832, “providing for the remission of penalties, and for the sale of land for taxes.” 2 Chase’s L. 1216. The objection now made to the sale is, that the.land was not sold on the day it was advertised for sale.
*141 Under the law of 1822, before cited, it was provided that for the collection of taxes, interests, and penalties previous to the year 1820, in the mode pointed out, judgments should be recovered for such taxes, etc., and that on such judgments the lands should be sold, and conveyed by the county auditor by deed to the purchasers. And it was further provided, that the title conveyed by such deed should not be “ invalidated or affected by the reversal of such judgment or error therein, or by any error in any proceedings previous to the rendition of any such judgment, relating to the charging or collecting taxes on such land, or the obtaining of any such judgment.” The objection made in the present case is to a proceeding after the judgment. Whether this objection is well made depends upon the construction of section 7 of the before recited act, and more particularly upon the construction of tho last clause of the section. This section is as follows: “Previous to the sale of any lands under the provisions of this act, it shall be the duty of the auditor to advertise the same, in a newspaper having general circulation within the county where such lands are situated, thirty days previous to the day of sale, which advertisement shall set forth the time and place of sale, and the amount of the judgment and costs lor which the same are to be sold, and the auditor shall attend at the same time and place of 141] sale, and proceed to sell the *same to the person or persons who will pay the said judgment and costs for the least number of acres; and the said auditor shall, previous to the sale, designate from what part of the tract the land so sold shall be taken; and if the person or persons to whom the same may be struck off, shall refuse to pay-the amount of said judgment and costs, the county auditor shall proceed to offer the same from time to time, for the space of three days in succession, unless previously sold.” Now the question arising, is as to the intention of this last clause. Is it to give the auditor three days in which to sell all the lands against which judgments are rendered, should so much time be necessary; or must ho offer all which he. does offer upon the day appointed for the sale, and if there is not time to sell the whole, suspend the proceedings as to those which can not be offered for want of time, except as to such as have been once struck off, but upon which the judgment is not paid? I must confess that my mind inclines strongly to the former construction, and for the following reason; I do not see the propriety of requiring the auditor to sell or offer *142 for sale a large number of tracts of land in a single day, and then give him two days in which to sell a single tract, or at most a small number of tracts. Further, there might be a large number of judgments, and a single day would not furnish sufficient time in which to sell the lands in order to satisfy them. In this instance there were no less than ninety-three, as will be seen by reference to the former report of this case, and I do not see how ninety-three different tracts of land could woll.be sold in a single day at public auction, especially if there was any competition, and any time allowed for bidding.
I am aware that this is not the most obvious construction. Giving this clause in connection with the whole section such construction, and the intention is, that all the land must be offered for sale on the day named in the advertisement. But in the event that any purchaser shall fail to pay the judgment and cost, then the county auditor is authorized to offer the same land on the second and third day, if not previously sold; and *this is the [142 construction which a majority of the court hold that it must receive.
Giving the section this construction, it would seem to follow, of course, that if the land was sold on a day different from that named in the advertisement, some reason consistent with law must be shown why it was so sold, and this should appear from the return of the officer effecting the sale. The object of an advertisement is that the public may be notified of the time and place of sale, that opportunity may be given for competition. This object is not attained, if an officer may advertise to sell on one day, and actually sell on another. Such proceeding can not be sustained.
The motion for a new trial is overruled, and judgment may be entered on the verdict. As, however, the defendants are entitled to relief under the occupying claimant law, the case will be continued.
Motion overruled.